UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re: EXCLUSIVE DOORS AND
WINDOWS, LLC.,

Case no.: 19-11829-AJC
Chapter 13

_____Debtor._____/

MARCIA T. DUNN, Chapter 7 Trustee of
the Bankruptcy Estate of EXCLUSIVE
DOORS AND WINDOWS, LLC,
Plaintiff,

vs.

Adversary Proceeding No.: 20-01360-AJC

LUIS CARLOS PIMENTEL, an
individual; EXCLUSIVE ACCORDIONS
LLC, a dissolved Florida limited liability
company; MIAMI DADE ACCORDIONS
LLC, a dissolved Florida limited liability
company; and ALL STAR SHUTTER
LLC, a Florida limited liability company,

Defendants.
_____/

## DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION

Defendant, LUIS CARLOS PIMENTEL, by and through undersigned counsel, responds to Plaintiff's Request for Production and states:

1. None in Defendant's possession.

2. Objection as to the form of the request. Without waiving said objection, none in Defendant's possession.

3. Objection overly broad and unduly burdensome. The petition in the underlying case was filed on February 11, 2019, and Plaintiff's request for documents from February 2015 to the present is excessive. The documents requested were

previously provided to the trustee.  See attached letter related to computers turned over to the trustee.

4. Objection to the form of the request and overly broad and unduly burdensome.  The petition in the underlying case was filed on February 11, 2019, and Plaintiff's request for documents from February 2015 to the present is excessive.  The documents requested were previously provided to the trustee.

5. Objection, overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence.  Without waiving said objection, none in Defendant's possession.

6. Objection as to the form of the request.  However without waiving said objection, none in Defendant's possession.

7. Objection, overly broad and unduly burdensome.  The documents requested were provided to the trustee previously.  None in Defendant's possession.

8. Objection as to the form of the question and overly broad and unduly burdensome.  The documents requested were provided to the trustee previously. None in Defendant's possession.

9. Objection as to the form of the request.  Without waiving said object, none in Defendant's possession.

10. Objection as to the form of the request.  Without waiving said object, other than the bank statements previously provided to the trustee, none in Defendant's possession.

11. Objection irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving said object, see attached documents in Defendant's possession.

12. Objection irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving said object, see attached documents in Defendant's possession.

13. See attached payments history in Defendant's possession.

14. Objection irrelevant. Without waiving said objection, see attached purchase documents in Defendant's possession.

15. Objection irrelevant, and not reasonably calculated to lead to admissible evidence. Without waiving said objection, Defendant no longer has the vehicle in question which was involved in accident resulting in a total loss.

16. Objection irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving said objection, Defendant no longer has the vehicle in question which was involved in accident resulting in a total loss.

17. See attached tax returns.

18. Objection overly broad and unduly burdensome. The petition in the underlying case was filed on February 11, 2019, and Plaintiff's request for documents from February 2015 to the present is excessive. Defendant does not have access to any company bank accounts, and Defendant's bank statement in his possession include dates after the petition date which we object to providing.

19. Objection overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence. The petition in the underlying case was filed on

February 11, 2019, and Plaintiff's request for documents from February 2015 to the present is excessive. The documents requested were previously provided to the trustee.

20. Objection irrelevant and overly broad. Without waiving said objection, none in Defendant's possession.

**###**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this Request for Production was served electronically on all parties listed on the Electronic Mail Notice List generated with the filing of said Notice on this 21st day of June 2021.

/s/ Ricardo A. Rodriguez
Ricardo A Rodriguez, Esq.
Rodriguez Law, P.L.
900 West 49th Street, Suite 505
Hialeah, FL 33012
Tel: 305-262-8226 / Fax: 305-262-8229
Email: ricardo@rdgzlaw.com
***Service Email: mail@rdgzlaw.com***
FBN: 0496901